D. Maimon Kirschenbaum
Denise Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA
Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARIA KAMILA MARIN, on behalf of
herself and others similarly situated,

                Plaintiff,

           v.

APU FOODS CORP. d/b/a RIKO
PERUVIAN CUISINE, 44 SUNNYSIDE
CORP. d/b/a RIKO PERUVIAN CUISINE
EXPRESS, JAMAICA 153 CORP. d/b/a
RIKO PERUVIAN CUISINE, 8 CHELSEA
CORP. d/b/a RIKO PERUVIAN CUISINE,
BARU CORP. d/b/a CUMBIA AND SABOR,
PAULA ANDREA GIL, and WALTER
BURGOS,

                Defendants.

------------------------------------------------------------x

CASE NO.

COMPLAINT

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Upon information and belief, Defendants APU Foods Corp., 44 Sunnyside Corp., Jamaica 153 Corp., 8 Chelsea Corp., and Baru Corp. are New York corporations that operate five restaurants in New York.

4.      All restaurant Defendants are part of a single integrated enterprise that jointly employed Plaintiff and those similarly situated at all relevant times. The corporate Defendants are owned, and their operations are conducted, by Walter Burgos, and they are all subject to the same general management and the payroll practices described herein.

5.      Defendant APU Foods Corp. owns and operates Riko Peruvian Cuisine located at 45-23 Greenpoint Avenue, Sunnyside, NY 11104.

6.      Defendant 44 Sunnyside Corp. is a New York corporation that owns and operates Riko Peruvian Cuisine Express restaurant located at 43-22 Queens Boulevard, Sunnyside, NY 11104.

7.      Defendant Jamaica 153 Corp. is a New York corporation that owns and operates Riko Peruvian Cuisine restaurant located at 153-37 Hillside Avenue, Jamaica, NY 11432 (Jamaica location).

8.      Defendant 8 Chelsea Corp. is a New York corporation that owns and operates Riko Peruvian Cuisine restaurant located at 409 8ᵗʰ Avenue, North Store, New York, NY 10001 (Chelsea location).

9.      Defendant Baru Corp. is a New York corporation that owns and operates Cumbia and Sabor restaurant located at 45-06 Greenpoint Avenue, Sunnyside, NY 11104.

10.      All restaurant Defendants shall hereinafter be collectively referred to as "Riko"

11.      Each Riko location has an annual gross volume of sales in excess of $500,000.

12.      Defendant Walter Burgos exercises sufficient control over Riko's day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

13.      Defendant Walter Burgos is regularly present at Riko.

14.      Defendant Walter Burgos manages Riko's financials.

15.      Defendant Walter Burgos hires and fires employees at Riko.

16.      Defendant Walter Burgos disciplines employees at Riko.

17.      Upon information and belief, Defendant Walter Burgos was involved in creating the policies that are the subject of this lawsuit.

18.      Defendant Paula Andrea Gil exercises sufficient control over Riko's day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

19.      Defendant Paula Andrea Gil is a general manager at the Cumbia and Sabor location.

20.      Defendant Paula Andrea Gil supervises the restaurant's employees.

21.      Defendant Paula Andrea Gil has authority to hire and fire employees.

22.      Defendant Paula Andrea Gil sets employees' schedules.

23.     Plaintiff Maria Kamila Marin was employed by Defendants as a server from November 2016 until March 2017.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Defendants at any New York location on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

25.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

26.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

4

27.     Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants at any New York location on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

28.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

29.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

30.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime, and spread of hours compensation; illegal retention of tips; and failing to give required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly,

and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class

members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a)     Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

    b)     At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

    c)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

    d)     Whether Defendants paid Plaintiff and the Class members the federal and state minimum wage for all hours worked.

7

e)      Whether Defendants paid Plaintiff and the Class Members New York's "spread of hours" premium.

f)      Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

g)      Whether Defendants illegally distributed Plaintiff's and the Class members' tips to Defendants' agents.

h)      Whether Defendants gave Plaintiff proper statements as required by New York Labor Law § 195 and the New York Hospitality Wage Order.

## FACTS

35.      Plaintiff's consent to sue form is attached hereto as Exhibit A.

36.      Defendants committed the following alleged acts knowingly, intentionally and willfully.

37.      As a server, Plaintiff typically worked three (3) to six (6) shifts per workweek.

38.      Each shift typically lasted at least 8 to 9 hours per day, and sometimes longer. Morning shifts typically began at 8 a.m. and ended at 5 p.m.   Dinner shifts typically began at 3:45 p.m. and continued until closing, which was between 12 a.m. and 2 a.m., depending on the restaurant's traffic.

39.      Thus, in the weeks when Plaintiff worked 5 or 6 shifts, she worked more than 40 hours.

40.      The exact shifts that Plaintiff worked can likely be determined through discovery in this lawsuit, provided that Defendants preserved the records which are required to be maintained by law.

41.     Plaintiff's workdays occasionally lasted more than ten (10) hours. For example during a Halloween event held at the restaurant in 2016, Plaintiff worked from 5 p.m. to 4 a.m.

42.     Throughout her employment, Plaintiff was paid a "per shift" rate of $40, which is lower than the federal and New York State minimum wage.

43.     Defendants required Plaintiff to share her tips with Defendant Gil every time they worked a lunch shift together.

44.     As a general manager, Defendant Gil had authority to set schedules, discipline employees, grant or deny vacation requests, interview prospective employees, run pre-shift meetings, control station assignments, and hire and fire employees.

45.     Plaintiff was required to purchase her own uniforms out-of-pocket for events held at the restaurant. This occurred on at least four (4) occasions.

46.     Defendants did not pay Plaintiff any "spread of hours" premium for days on which Plaintiff's workday lasted longer than 10 hours.

47.     Defendants never notified Plaintiff that they intended to pay her pursuant to a tip credit, and they did not give Plaintiff the written wage notices required by N.Y. Lab. Law § 195 and/or N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-2.2.

48.     Plaintiff was not given any wage statements with her pay.

49.     Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*)
### (Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

50.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

52.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

53.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. § 207)
### (Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

54.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55.     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

56.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs often worked in excess of forty (40) hours per workweek and continue to do so.

57.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of

willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

58.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*)**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

59.    Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

60.    Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

61.    Defendants did not pay Plaintiff and members of the Class the New York minimum wage for all hours worked.

62.    Defendants' failure to pay Plaintiff and members of the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

63.    As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### (New York Overtime Violations)
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
### N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4 )
### (Brought by Plaintiff on Behalf of Herself and the Class)

64.    Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

65.    It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

66.    Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and members of the Class at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

67.    As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions,
### N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &
### Regs. tit. 12, § 146-1.6)
### (Brought by Plaintiff on Behalf of Herself and the Class)

68.    Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

69.    Plaintiff and members of the Class often had workdays that lasted more than ten (10) hours.

70.     Defendants willfully and intentionally failed to compensate Plaintiff and members of the Class one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

71.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
### (Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)
### (Brought by Plaintiff on Behalf of Herself and the Class)

72.     Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all previous paragraphs.

73.     Defendants and their managers retained and continue to retain portions of Plaintiff's tips and Class members' tips.

74.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SEVENTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
### (Brought by Plaintiff on Behalf of Herself and the Class)

75.     Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

76.     Defendants did not provide Plaintiff and the members of the Class with the notices required by N.Y. Lab. Law § 195.

77.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A.     An award of damages, according to proof, including, back pay, front pay, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendants;

B.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D.     Designation of this action as a class action pursuant to F.R.C.P. 23.

E.     Designation of Plaintiff as Representative of the Class.

F.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.     Penalties available under applicable laws;

H.     Costs of action incurred herein, including expert fees;

I.       Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663

and other applicable statutes;

J.       Pre-judgment and post-judgment interest, as provided by law; and

K.      Such other and further legal and equitable relief as this Court deems necessary,

just and proper.

Dated:  New York, New York        Respectfully submitted,
        April 24, 2017

                                     JOSEPH & KIRSCHENBAUM LLP

                                     By: _____
                                        D. Maimon Kirschenbaum
                                        Denise Schulman
                                        32 Broadway, Suite 601
                                        New York, NY 10004
                                        Tel: (212) 688-5640
                                        Fax: (212) 688-2548

                                        *Attorneys for Named Plaintiff, proposed*
                                        *FLSA Collective Plaintiffs, and proposed*
                                        *Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Cumbia & Sabor Restaurant** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

MARIA KAMILA MARIN
_____
Full Legal Name (Print)

_____
Signature

4/20/17
_____
Date